IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

MICHELLE MARIE DESJARDIN, )
)
Plaintiff, ) TC-MD 220354R
)
v. )
) **ORDER GRANTING PLAINTIFF'S**
DEPARTMENT OF REVENUE, ) **MOTION FOR SUMMARY**
State of Oregon, ) **JUDGMENT AND DENYING**
) **DEFENDANT'S CROSS-MOTION FOR**
Defendant. ) **SUMMARY JUDGMENT**

This matter is before the court on the parties' cross-motions for summary judgment. Plaintiff filed her Motion for Summary Judgment on July 10, 2023. Defendant filed its Cross-Motion for Summary Judgment on August 1, 2023. Plaintiff filed her Reply to Defendant's Cross-Motion for Summary Judgment on August 14, 2023. Oral argument was held remotely on November 3, 2023. Mickayla Dow, certified law student, appeared under the supervision of Shannon Garcia, Legal Aid Services of Oregon, on behalf of Plaintiff. Brian Rainwater, auditor, appeared on behalf of Defendant.

## I. STATEMENT OF FACTS

The following facts are undisputed by the parties. Plaintiff has multiple sclerosis (MS), which has caused her to be limited in functionality since early 2014 and paralyzed from the neck down since 2015. (Ptf's Mot at 1-2.) On or about July 28, 2015, Plaintiff received a General Judgment of Dissolution of Marriage and Support Award (Dissolution Judgment) from the Grant County Circuit Court. (Ptf's Ex 2.) In the Dissolution Judgment, the Circuit Court found that Plaintiff was "totally disabled" and awarded "custody, care and control of the parties' minor child" to her husband. (*Id*. at 2-3.) The Circuit Court ordered spousal support to Plaintiff, which

/ / /

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
TC-MD 220354R                                                                 1

"shall be included and reported as taxable gross income to and by Wife [Plaintiff] under IRS Code Section 71." (*Id*. at 12-13 (internal citation omitted).)

After her divorce, Plaintiff encountered financial hardship due to the loss of her home and her former spouse's failure to make support payments. Plaintiff made estimated tax payments to the State of Oregon during the 2015 tax year but did not timely file her 2015 or 2016 Oregon individual income tax returns. Plaintiff filed her 2015 and 2016 returns on July 13, 2020, and September 2, 2021, respectively. On Plaintiff's 2016 return, she applied a $3,435 refund from the 2015 tax year to her 2016 tax liability. Defendant denied the carryover of Plaintiff's refund on the basis that the refund request was untimely and mailed Plaintiff a Notice of Proposed Refund Adjustment on September 24, 2021. (Ptf's Ex 7.)

In a letter dated January 25, 2023, Plaintiff's doctor, Stanley Cohan (Dr. Cohan), MD, PhD, certified that Plaintiff is under his neurological care for MS, which "requires 24/7 care given the severity of her disease." (Ptf's Ex 1.) Dr. Cohan further stated, Plaintiff "is unable to move her body from the neck down and cannot walk, eat or complete household tasks by herself, and has cognitive impairment as well. She has been totally incapacitated for more than [eight] years." (*Id*.) Dr. Cohan concluded his letter on the assertion that Plaintiff's "inability to manage her own financial affairs began on January [20], 2014[,] and will continue until her death." (*Id*.)

Also by letter dated January 26, 2023, Plaintiff certified: "In accordance with [Internal Revenue Code] § 6511(h), no person, including any spouse, was authorized to act on my behalf in financial matters during the period that my physician, Dr. [Cohan], determined that I was prevented by my impairment from managing my financial affairs." (Ptf's Ex 3.)

Plaintiff submitted the letters from Dr. Cohan and herself to Defendant's Conference Officer. A Conference Decision Letter dated February 23, 2022, upheld the refund adjustment

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
TC-MD 220354R                                                                                  2

on the basis that Plaintiff's return was filed more than three years after the filing due date. (Ptf's Ex 5 at 2.) On June 16, 2023, the Internal Revenue Service Taxpayer Advocate Service notified Plaintiff by letter that she had been granted her federal tax refund for the 2016 tax year, pursuant to IRC section 6511(h). (Ptf's Mot at 2.)

## II. ANALYSIS

The issue in this case is whether, under Internal Revenue Code (IRC) section 6511(h), Plaintiff was "financially disabled" during the 2015 tax year, such that the tolling provision set out in ORS 314.415 for filing a claim for tax refund was invoked.[1]

The standard for summary judgment is provided by Tax Court Rule (TCR) 47 C, which states in pertinent part:

> "The court will grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment. The adverse party has the burden of producing evidence on any issue raised in the motions as to which the adverse party would have the burden of persuasion at trial."

Oregon personal income tax law is identical to the IRC for purposes of determining taxable income, subject to certain modifications. ORS 316.007(1); ORS 316.048. Generally, Oregon has a three-year limitation period for filing an income tax refund claim. *See* ORS 314.415(2)(a). However, if an individual would qualify for a tolling of the federal tax refund limitation period under IRC section 6511(h), Oregon law suspends the running of the limitation period for filing a claim for refund of Oregon income tax. ORS 314.415(2)(c).

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

Under IRC section 6511(h)(1), the federal limitation period for filing a claim for tax refund should be suspended if a person is found to be "financially disabled." A person is "financially disabled" if:

> "such individual is unable to manage [their] financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

IRC § 6511(h)(2)(A). "An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require." *Id*. Additionally, "An individual shall not be treated as financially disabled during any period that such individual's spouse or any other person is authorized to act on behalf of such individual in financial matters." IRC § 6511(h)(2)(B).

Revenue Procedure 99-21 sets out the requirements for a claim of financial disability. The taxpayer must submit with their request two written statements. The first statement must be issued from a qualifying physician and set forth:

> "(a) the name and a description of the taxpayer's physical or mental impairment;
>
> (b) the physician's medical opinion that the physical or mental impairment prevented the taxpayer from managing the taxpayer's financial affairs;
>
> (c) the physician's medical opinion that the physical or mental impairment was or can be expected to result in death, or that it has lasted (or can be expected to last) for a continuous period of not less than 12 months;
>
> (d) to the best of the physician's knowledge, the specific time period during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs; and
>
> (e) the following certification, signed by the physician:
>
>> I hereby certify that, to the best of my knowledge and belief, the above representations are true, correct, and complete."

Rev. Proc. 99-21(1). The second statement must certify that no one was authorized to act on

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
TC-MD 220354R                                                                 4

taxpayer's behalf during the period they were considered financially disabled. Rev. Proc. 99-21(2).

Plaintiff argues she submitted the two written statements required by Revenue Procedure 99-21 to demonstrate she was financially disabled under IRC section 6511(h) during the 2015 tax year, and thus, summary judgment in her favor is appropriate. Plaintiff relies primarily on this court's decision in *Lieberman v. Department of Revenue,* TC-MD 040902A, 2005 WL 1432441 (Or Tax M Div, May 19, 2005), interpreting the holding as a statement that mere compliance with Revenue Procedure 99-21 is alone sufficient for a finding of financial disability as a matter of law. Plaintiff's interpretation of *Lieberman* misses a very important point; the taxpayer was successful short of trial because, in addition to compliance with Revenue Procedure 99-21, the Department of Revenue challenged neither the "conclusion, nor the qualifications" of the doctor. *Id.* at *1.

Despite differing factual circumstances, this court's pithy *Lieberman* Decision appears to comport with the logic of the most often cited federal case on this issue, *Estate of Rubinstein v. United States*, 96 Fed Cl 640, 2011-1 US Tax Cas (CCH) 50,197 (Fed Cl 2011) (Ruling on Plaintiff's Application for a Protective Order and Defendant's Motion to Compel). In its 2011 Ruling, the court analyzed whether submission of a physician's statement pursuant to Revenue Procedure 99-21 precluded discovery. *Id*. The court went beyond a facial acceptance of the doctor's certification, holding:

> "If the IRS intended to limit its inquiry to the four corners of a certified physician statement, * * * then the IRS would have expressly foreclosed in the revenue procedure itself the possibility of further investigation or discovery. It did not. The court finds it inconceivable that the IRS would establish a procedure that could foster widespread abuse."

*Id*. at 656. In 2015, the court published a Decision for the *Rubinstein* case, in which the court

weighed prior inconsistent certifications by the doctor, found them conflicting with his conclusion of financial disability, and ultimately rejected them. *Estate of Rubinstein v. United States*, 119 Fed Cl 658, 669-73, 2015-1 US Tax Cas (CCH) 50,176 (Fed Cl 2015).

In contrast to *Lieberman* and *Rubinstein*, there are several cases where courts further expanded their scope, balancing a doctor's certification of financial disability with other aspects of the taxpayer's life, rather than limiting their overview exclusively to factors related to the doctor's conclusion and qualifications. *See, e.g.*, *Haller v. Comm'r*, 100 TCM (CCH) 9, 2010 WL 2680705 (2010). In *Haller*, the court, relying on the 2011 *Rubinstein* Ruling, weighed factors of one joint filing taxpayer's life and condition, including his acknowledgement that he had some "clear days when he thought he could accomplish anything[,]" both his and his spouse's unsuccessful efforts to seek help with their taxes, and their bankruptcy filing. *Id*. at *1-2. The court rejected the doctor's financial disability certification as hearsay and further concluded that even if it was admissible, it would not be sufficient to meet the burden of proof for purposes of IRC section 6511(h). *Id*. at *2 n 6.[2]

This court is persuaded by the *Lieberman* and *Rubinstein* approaches and declines to follow the expanded *Haller* rationale because the carefully chosen language in IRC section 6511(h) requires a taxpayer's condition be "*medically determinable*."[3] IRC § 6511(h)(2)(A) (emphasis added.) Such a phrase guides the court to consider the doctor's determination and to

///

---

[2] Unlike most other courts, the Magistrate Division is not bound by technical rules of evidence such as the exclusion of hearsay evidence. ORS 305.501(4)(a).

[3] "Oregon courts [are] bound by interpretations of federal law by Oregon Supreme Court and United States Supreme Court, [but] not bound by interpretations by federal Circuit Courts or other federal courts." *Dept. of Rev. v. Sedgewick*, 24 OTR 178, 185 n 15 (2020) (citation omitted).

consider evidence on that determination alone, rather than balancing other life functions of the taxpayer.

Defendant in the instant case argues the court should consider Plaintiff's "driving a 1999 handicap van, training up to 25 people a year for her care, and making timely quarterly estimated tax payments to the Oregon Department of Revenue" as factors to be balanced against a doctor's certification. However, Defendant stated during oral argument that if Plaintiff's Motion for Summary Judgment were denied, Defendant would not seek at trial to introduce medical evidence to dispute Plaintiff's doctor's certification. For this court to balance Plaintiff's actual activity and mental capability against a doctor's certification, it would have to be aided with medical guidance analyzing the executive brain functioning necessary to perform those activities and mental capabilities; but no such evidence would be presented at a trial here. Without such guidance, this court would be completely incapable of determining whether Plaintiff's driving a vehicle or asking someone to make an estimated tax payment on her behalf requires a comparable level of mental ability equivalent to that required if Plaintiff were to independently manage her finances. Of further persuasive value, is the fact the IRS has accepted Plaintiff's assertions of financial disability.[4]

### III. CONCLUSION

Plaintiff has met her burden of proof on the issue of financial disability under IRC section 6511(h) during the 2015 tax year; Plaintiff satisfied the two written requirements imposed by Revenue Procedure 99-21, there has been no challenge to her assertion that no other person was authorized to act on her behalf in financial matters, and Defendant presented no challenge

---

[4] The court acknowledges that IRS determinations in an individual case are not binding on the Oregon Tax Court. *See, e.g.*, *Dept. of Rev. v. U-Haul Co. of Oregon*, 20 OTR 195, 208-11 (2010).

specifically to Dr. Cohan's qualifications or conclusion. Defendant asserts facts, which even if true, do not directly attack Plaintiff's medically determinable certification of financial disability. Plaintiff's request for a refund for the 2015 tax year is not precluded by the limitations period of ORS 314.415(2)(a), as that period is tolled pursuant to ORS 314.415(2)(c) and IRC section 6511(h). Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is granted.

IT IS FURTHER ORDERED that Defendant's Cross-Motion for Summary Judgment is denied.

Dated this ___ day of November 2023.

_____
Richard Davis
Magistrate

***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.***

***This document was signed by Magistrate Richard Davis and entered on November 29, 2023.***